Mark R. Thierman, Cal SB# 72913
Joshua D. Buck, Cal SB# 258325
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com

James B. Zouras (*Pro Hac Vice forthcoming*)
Ryan F. Stephan (*Pro Hac Vice forthcoming*)
Teresa M. Becvar (*Pro Hac Vice forthcoming*)
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: (312) 233-1550
Email: jzouras@stephanzouras.com
Email: rstephan@stephanzouras.com
Email: tbecvar@stephanzouras.com

David J. Cohen (*Pro Hac Vice forthcoming*)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
Tel: (215) 873-4836
Email: dcohen@stephanzouras.com

*Attorneys for Plaintiff, the general public, and all others similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SILVA, individually, and on behalf of other members of the general public similarly situated;<br><br>            Plaintiff,<br><br>    v.<br><br>FIRST TRANSIT, INC., and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**:<br>(1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>(2) Failure to Pay Minimum and Overtime Wages in Violation of the California Labor Code;<br>(3) Meal and Rest Period Violations;<br>(4) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; and<br>(5) Unfair Business Practices.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SARAH SILVA ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against FIRST TRANSIT, INC. ("Defendant" or "First Transit") concerning her acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of her counsel:

## I.

## <u>NATURE OF THE ACTION</u>

1.     Plaintiff brings this action to redress common policies and practices by which Defendant assigns many of its Paratransit Drivers a split-shift schedule made up of a short morning shift and a short afternoon shift separated by one to four hours and, during the break between shifts, requires Paratransit Drivers to return to their depot and perform work-related activities including: completing paperwork, checking their schedules, trying to schedule additional rides, planning their routes, talking to managers and supervisors, cleaning and maintaining their buses and cleaning the depot. Since Defendant's Paratransit Drivers are "off-the-clock" during split-shift breaks, Defendant does not pay wages for the work these employees perform during split-shift breaks.

2.     Defendant's split-shift practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and California state law by denying wages, including overtime premium wages, to its employees for work they perform on Defendant's premises and with Defendant's knowledge, and from which Defendant receives a substantial benefit.

## II.

## <u>JURISDICTION AND VENUE</u>

3.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer […] in any Federal or State court of competent jurisdiction."

4.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the FLSA.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367 because these claims arise from the same occurrences and transactions as her

FLSA claim (*i.e.*, Defendant's failure to pay wages for work performed during split-shift breaks) and are so related to this claim as to form part of the same case or controversy.

6.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Plaintiff resides in this District, Plaintiff worked for Defendant in this District, Plaintiff suffered the losses at issue in this District, Defendant has significant business contacts in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and actions and omissions giving rise to Plaintiff's claims occurred in this District.

**III.**

**PARTIES**

7.　　Representative Plaintiff SARAH SILVA is an individual who resides in Alameda County, California. From approximately July 2016 to September 2018, Ms. Silva worked as a full-time, hourly Paratransit Driver at the First Transit depot in Oakland, California. Ms. Silva is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation. *See* Exhibit A.

8.　　Defendant FIRST TRANSIT, INC. is a Florida Foreign For-Profit Corporation based in Cincinnati, Ohio. *See  http://www.firstgroupplc.com/about-firstgroup/first-transit.aspx* (accessed Jan. 4, 2020); *https://www.corporationwiki.com/Ohio/Cincinnati/first-transit-inc-3603701.aspx* (accessed Jan. 4, 2020). First Transit is one of the largest private sector providers of public transit management and contracting in North America. *Id.* First Transit employs 19,500 people and operates 12,900 vehicles from more than 300 locations across the U.S. and provides fixed route bus services, paratransit services, shuttle bus services and vehicle maintenance services. *Id.*

9.　　At all times relevant herein, FIRST TRANSIT, INC. was Representative Plaintiff's "employer" as defined by the Cal. Code Rgs., tit. 8, § 11140, subd. 2(C) and interpreted in *Martinez v. Combs*, 49 Cal. 4th 35, 231 P.3d 259 (2010), *as modified* (June 9, 2010), and were actively engaged in the conduct described herein. Defendant was also Representative Plaintiff's "employer" as defined by § 203(d) of the FLSA. Throughout the relevant period, Defendant employed Plaintiff

and similarly situated Paratransit Drivers within the meaning of the FLSA and the California Labor Code.

10.     At all times relevant herein, Defendant has owned and exercised operational control over all significant business functions relating to its Paratransit Drivers, including: setting and implementing the compensation, hours of work, overtime, scheduling and timekeeping policies and procedures at issue in this matter, providing training on these policies and procedures, scheduling Paratransit Drivers' work, creating Paratransit Drivers' daily manifests, tracking Paratransit Drivers' hours worked and setting and paying Paratransit Drivers' wages.

11.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise, of the fictitiously named defendants designated as DOES 1-10, inclusive. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant was in some way responsible for, participated in, or contributed to the matters and things complained of herein, and is legally responsible for the damages complained of herein.

12.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants, including each of the fictitiously named defendants, was the agent, principal, employer or employee of each other defendant, and they were acting within the course and scope of such relationship in doing the things herein alleged, or they ratified, acquiesced in, consented to, aided, abetted and/or approved each and all of the acts of each of the other defendants, so that each defendant is jointly and severally responsible and liable for the acts alleged herein.

## IV.

## STATEMENT OF COMMON FACTS

13.     Defendant employs hourly Paratransit Drivers who, among other things, operate and maintain Defendant's vehicles, provide safe, high-quality ADA paratransit services to Defendant's riders, collect fares, perform pre- and post-trip vehicle inspections, complete written reports concerning passengers, accidents and incidents and provide excellent customer service.

14.     Defendant maintains common compensation, hours of work, overtime, scheduling and timekeeping policies and procedures for all hourly Paratransit Drivers assigned to a split-shift schedule that include:

a.      providing manifests showing Paratransit Drivers' daily scheduled customer drop-offs and pick-ups and their scheduled split-shift breaks;

b.      scheduling Paratransit Drivers for split-shift breaks of between one and four hours;

c.      requiring Paratransit Drivers to return their bus to their depot at the start of their split-shift breaks;

d.      suffering and permitting Paratransit Drivers to perform unpaid work-related activities during their split-shift breaks including: completing paperwork, checking their schedules, trying to schedule additional rides, planning their routes, talking to managers and supervisors, cleaning and maintaining their buses and cleaning the depot;

e.      taking Paratransit Drivers "off-the-clock" during split-shift breaks to avoid tracking their work-related activities; and

f.      failing to pay Paratransit Drivers all wages due for work-related activities performed during split-shift breaks.

15.     Defendant routinely scheduled Ms. Silva to work at least eight hours per split shift and 40 hours per week. On certain workdays, Defendant provided Ms. Silva with manifests showing a split-shift break of between one and four hours. During these breaks, Ms. Silva was required to return her bus to her depot and, once back at the depot, was suffered and permitted to spend an average of one to two unpaid hours per split shift on work-related activities including: completing paperwork, checking her schedules, trying to schedule additional rides, planning her routes, talking to her managers and supervisors, cleaning and maintaining her bus and cleaning the depot. For example, during the pay period that ended on April 28, 2018, Plaintiff was paid for 80 hours of work, plus 14.07 overtime hours at 1½ times her base hourly rate of $17.78. Plaintiff estimates that she worked an additional 1.5 hours off-the-clock during each of approximately six split-shift breaks that were scheduled during that pay period. As a result, Defendant is liable under the FLSA and California state law because it failed to pay Plaintiff for 1.5 hours of work in excess

of eight hours each shift, totaling 9.0 additional overtime hours during the two weeks in that pay period.

16.     Although these activities directly benefitted Defendant and served its business interests, Defendant did not track the time Plaintiff spent on these activities and did not pay her wages for this work.

17.     A few months into her employment, Ms. Silva learned from a co-worker that Paratransit Drivers were permitted to add five minutes to their time sheets for time spent performing split-shift work after returning to the depot between shifts. However, five minutes was inadequate for Paratransit Drivers to complete all of the work-related activities Defendant required them to perform. In order to attempt to complete their work on-the-clock, Paratransit Drivers would pull over into a gas station to fill out paperwork and perform other work-related activities in their vans before returning to the depot and clocking out. When Management learned about this practice, they instructed Paratransit Drivers to discontinue it and advised that they would face discipline if it continued. As a result of Defendant's practices, Paratransit Drivers had no choice but to complete work-related activities off-the-clock during their split-shift breaks.

18.     Throughout her employment, Ms. Silva has spoken to other First Transit Paratransit Drivers about performing unpaid split-shift work. Based on these discussions, and other information, Ms. Silva believes Defendant's failure to pay wages for split-shift work is a significant problem about which Defendant's Paratransit Drivers complain, both among each other and to Management.

19.     Defendant required Plaintiff and other similarly situated Paratransit Drivers to record fewer hours than they actually worked. First Transit had knowledge that Plaintiff and other Paratransit Drivers routinely performed work-related activities during their split-shift breaks. Regardless, Paratransit Drivers were instructed to under-report their actual hours worked.

20.     In addition, Defendant regularly required Plaintiff and other Paratransit Drivers to work through meal and rest periods mandated by California wage law. When Defendant's scheduling practices required Paratransit Drivers to miss multiple meal and rest periods in a single workday, Defendant did not pay them for each meal and rest period missed. Instead, Defendant

paid a maximum of one hour of additional pay per day, regardless of whether it failed to provide Paratransit Drivers with multiple meal or break periods.

## V.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

22.     Plaintiff pursues the requested relief on behalf of the following individuals (the "FLSA Collective"):

> **All individuals who are currently employed or have been employed,  by First Transit, Inc as a Paratransit Driver and who have been assigned a split-shift schedule during the maximum limitations period.**

Plaintiff reserves the right to amend this definition as necessary.

23.     Plaintiff is a member of the collective she seeks to represent because she worked as a First Transit Paratransit Driver and was assigned a split-shift schedule during the relevant period.

24.     Although Plaintiff and FLSA Collective members may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

    a.     Plaintiff and FLSA Collective members were all paid an hourly rate;

    b.     Plaintiff and FLSA Collective members worked in excess of 40 hours per week;

    c.     Regardless of their location, Defendant did not pay Plaintiff and FLSA Collective members an overtime premium rate of 1½ times their regular hourly rate for all time worked during their split-shift breaks in excess of 40 hours per week; and

    d.     Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and FLSA Collective members, regardless of their location.

25.     Defendant encouraged, suffered and permitted the Plaintiff and FLSA Collective members to work more than 40 hours per week without proper overtime compensation.

26.     Defendant knew that Plaintiff and FLSA Collective members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the Plaintiff and FLSA Collective members of wages and overtime compensation.

27.     Plaintiff and FLSA Collective members do not meet any test for exemption under the FLSA.

28.     Defendant's conduct as alleged herein was willful and has caused extensive damage to Plaintiff and FLSA Collective members.

29.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and FLSA Collective members. Plaintiff requests that the Court authorize notice to the members of the collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

30.     Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include more than six hundred (600) members. The precise number of FLSA Collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and text message.

## VI.

## CALIFORNIA CLASS ACTION ALLEGATIONS

31.     Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, a case should be treated as a class action when a court finds: (a) that the predominant issues raised in the case ae of a common interest; (b) that the parties are so numerous that it is impracticable to bring them all before the court; (c) that the proposed class and/or sub-classes are clearly and easily ascertainable; (d) that the named representatives' claims are typical of the claims of the proposed classes; (e) that the class representatives will adequately represent the interests of the classes; and

(f) that a class action is superior to other methods of adjudicating the claims alleged herein. Plaintiff herein alleges that each and every one of the foregoing can and will be demonstrated at the time for hearing on Plaintiff's motion for class certification.

32.     Plaintiff brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b) on behalf of the following individuals (the "California Class"):

> **All individuals who are currently employed or have been employed, by First Transit, Inc as a Paratransit Driver with the State of California and have been assigned a split-shift schedule at any time within the preceding 4-years from the date of filing the complaint through the date of entry of judgment (the "Class Period").**

33.     Plaintiff further seeks Certification of the following subclasses: (a) Meal and Rest Period Subclass: All members of the California Class who were employed at any time from 3 years from the filing of this complaint through the date of entry of judgment; and (b) Waiting Time Penalty Subclass: All members of the California Class who are former employees and who were employed at any time from 3 years preceding the filing of the complaint through the date of entry of judgment.[1]

34.     Plaintiff reserves the right to redefine the California Class and Subclasses and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

35.     **Numerosity:** Plaintiff is informed and believes and based on such information and belief, alleges that the potential membership in the California Class and the Subclasses is so numerous that joinder of all members is impractical. While the exact number of members in each of the classes is presently unknown to Plaintiff, she estimates membership in the California Class to exceed 100. The exact number and specific identities of the members of the California Class and the Subclasses may be readily ascertained through inspection of Defendant's business records. Moreover, the disposition of class members' claims by way of a class action will provide substantial benefits to the parties and the Court.

---

[1] The Meal and Rest Period and Waiting Time Penalty Subclasses comprised of the same persons as the California Class but are limited in time (a 3-year statute of limitations) and, for the Waiting Time Penalty Subclass, employee classification (claims are only available to former employees).

36.   **Commonality:** Plaintiff is informed and believes and based on such information and belief alleges that numerous questions of law and/or fact are common to all members of the class, including, without limitation:

a.   Whether Defendant failed to pay all the minimum and overtime wages owed under the Labor Code;

b.   Whether Defendant failed to timely pay Plaintiff and putative class members the wages due them during their employment;

c.   Whether Defendant failed to timely pay wages due to Plaintiff and class members upon their discharge;

d.   Whether Defendant's failure to pay all wages due in accordance with the federal wage laws or the California Labor Code was willful or reckless;

e.   Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and

f.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendant's violations of law.

37.   **Typicality:** Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this Complaint.

38.   **Adequacy:** Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or in conflict with class members and she is committed to the vigorous prosecution of this lawsuit. To that end, Plaintiff has retained counsel who are competent and experienced in handling class actions on behalf of employees.

39.   **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the wrongs done to them. There will be no inordinate difficulty in the management of this case as a class action. The class is geographically disbursed throughout California but Defendant's policies and decisions affecting the class all emanated from its central offices. Plaintiff is informed

and believes and based on such information and belief alleges that this action is properly brought as a class action, because of the following:

a. The prosecution of separate actions by or against individual members of the California Class would create risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for the party opposing the California Class;

b. Adjudications with respect to individual members of the California Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds generally applicable to all members of the California Class, making declaratory relief appropriate with respect to all of the California Class;

d. Questions of law or fact common to the members of the California Class predominate over any questions affecting only individual members, and class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Overtime Compensation**

### **(On Behalf of Plaintiff and the FLSA Collective)**

40. Plaintiff re-alleges and incorporates by reference the allegations contained in preceding paragraphs as though fully set forth herein.

41. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

42. Plaintiff and members of the FLSA Collective are "employees" as defined by 29 U.S.C. § 203(e)(1).

43. The wages Defendant pays to Plaintiff and the members of the FLSA Collective are "wages" as defined by 29 U.S.C. § 203(m).

44. Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff and the FLSA Collective are similarly situated individuals within the meaning of 29 U.S.C. § 216(b).

46.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

47.     At all times relevant herein, Defendant has been obligated to comply with the FLSA's requirements, Plaintiff and the members of the FLSA Collective have been covered employees entitled to the FLSA's protections, and Plaintiff and the members of the FLSA Collective have not been exempt from receiving wages required by the FLSA for any reason.

48.     29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

49.     Defendant has intentionally and willfully violated the FLSA by maintaining common timekeeping and compensation policies and practices that include: providing manifests showing Paratransit Drivers' daily scheduled customer drop-offs and pick-ups and their scheduled split-shift breaks; scheduling Paratransit Drivers for split-shift breaks of between one and four hours; requiring Paratransit Drivers to return their bus to their depot at the start of their split-shift breaks; suffering and permitting Paratransit Drivers to complete paperwork, check their schedules, try to schedule additional rides, plan their routes, talk to managers and supervisors, clean and maintain their buses and clean the depot during their split-shift breaks; taking Paratransit Drivers "off-the-clock" during split-shift breaks to avoid tracking their work-related activities; and failing to pay Paratransit Drivers all wages due, including overtime wages, for work-related activities performed during split-shift breaks.

50.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiff's and the FLSA Collective members' rights under the FLSA.

51.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the members of the FLSA Collective all wages mandated by the FLSA.

52.     Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime premium wages owed for overtime work they performed that provided Defendant with a direct and substantial benefit.

## VIII.

## SECOND CAUSE OF ACTION

### Failure to Provide Minimum and Overtime Wages
### (On Behalf of Plaintiff and the California Class)

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in preceding paragraphs as though fully set forth herein.

54.     California Labor Code § 1197 states, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

55.     The Industrial Wage Commission for the State of California, has fixed the minimum hourly wage for non-exempt workers during the relevant time period of this case, as set forth below:

| Effective Date | New Minimum Wage |
|---|---|
| January 1, 2019 | $12.00 |
| January 1, 2018 | $11.00 |
| January 1, 2017 | $10.50 |
| January 1, 2016 | $10.00 |

56.     California Labor Code § 1194 states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

57.     California Labor Code § 223 (also known as the anti-secret rebate provision) states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

58.     California Labor Code § 510(a), in pertinent part, states that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

59.     California Labor Code § 558 states, in part, "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty . . ."

60.     Defendant has intentionally violated these provisions of California law by maintaining common timekeeping and compensation policies and practices that include: providing manifests showing Paratransit Drivers' daily scheduled customer drop-offs and pick-ups and their scheduled split-shift breaks; scheduling Paratransit Drivers for split-shift breaks of between one and four hours; requiring Paratransit Drivers to return their bus to their depot at the start of their split-shift breaks; suffering and permitting Paratransit Drivers to complete paperwork, check their schedules, try to schedule additional rides, plan their routes, talk to managers and supervisors, clean and maintain their buses and clean the depot during their split-shift breaks; taking Paratransit Drivers "off-the-clock" during split-shift breaks to avoid tracking their work-related activities; and failing to pay Paratransit Drivers all wages due, including minimum and overtime wages, for work-related activities performed during split-shift breaks.

61.    By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiff's and the California Class members' rights under California law.

62.    Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the California Class members all wages mandated by California law.

63.    Plaintiff and the California Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of minimum and overtime wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

64.    Plaintiff and the California Class members seek damages in the amounts improperly withheld in an amount to be proved at time of trial, plus liquidated damages for failing to pay minimum wages under Labor Code § 1194.2, along with all appropriate penalties, including but not limited to the remedies made available under, *inter alia,* California Labor Code §§ 203, 225.5, and 558, as well as prejudgment interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and 3289, and reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194.

65.    Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all California Class members pursuant to Labor Code § 1179.1 as follows:

(1)    For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(2)    For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(3)    Wages recovered pursuant to this section shall be paid to the affected employee.

66.    Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all California Class members pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

## IX.

### THIRD CAUSE OF ACTION

**Failure to Provide Meal and Rest Breaks**

**(On Behalf of Plaintiff and the Meal and Rest Period Subclass)**

67. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

68. California Labor Code § 226.7(b) provides: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or ... order of the [IWC]."

69. California Labor Code § 226.7(c) provides: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an ... order of the [IWC], ... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

70. Wage Order No. 9 applies "to all persons employed in the transportation industry whether paid on a time, piece rate, commission, or other basis." Cal. Code Regs. tit. 8, § 11090, subd. 1. Wage Order No. 9 provides: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes … [and] [a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual

consent of the employer and the employee only if the first meal period was not waived." *Id.* § 11090, subd. 11(A) & (B). Like Section 226.7(c), Wage Order 9 further requires an employer who fails to provide an employee a meal period in accordance with the wage order's provisions to pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide the employee with the meal period. *Id.*, § 11090, subd. 11(D).

71.     Wage Order No. 9 provides: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours." Cal. Code Regs. tit. 8, § 11090, subd. 12(A). Like Section 226.7(c), Wage Order No. 9 further requires an employer who fails to provide an employee a rest period in accordance with the wage order's provisions to pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide the employee with the rest period. *Id.*, § 11090, subd. 12(B).

72.     Defendant did not compensate Plaintiff and other Subclass members for all of the meal and rest breaks that Defendant failed to provide them. Instead, Defendant paid a maximum of one hour of additional pay per day, even if Plaintiff and other Subclass members were not provided multiple meal or break periods to which they were entitled in a day under the wage order's provisions.

73.     Accordingly, Plaintiff and Subclass members are entitled to recover, and hereby demand, a penalty for each and every meal and rest period not provided to them pursuant to Labor Code § 226.7, in addition to attorneys' fees, costs, and interest.

## X.

## **FOURTH CAUSE OF ACTION**

### **Waiting Time Penalties**

### **(On Behalf of Plaintiff and the Waiting Time Penalty Subclass)**

74.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

75.     California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon the employee's discharge from employment. California Labor Code § 202 requires an employer promptly pay all compensation due and owing to an employee within 72 hours after that employee's employment terminates, including by resignation. California Labor Code § 204 requires an employer to pay all wages due to its employees when those wages are due. California Labor Code § 203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by §§ 201 and 202, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

76.     As noted hereinabove, Defendant's failure to pay minimum wages and overtime properly results in an underpayment of wages to all terminated employees in violation of Labor Code § 203.

77.     Defendant has willfully failed to make timely payment of the full wages due to these employees who have quit or have been discharged, thereby violating California Labor Code §§ 201-202.

78.     The failure to completely compensate these employees means that Defendant has not only violated, but also continues to violate California Labor Code § 204, which requires employers, including Defendant, to pay their employees their full wages when due.

79.     On behalf of the Waiting Time Penalty Subclass of terminated employees, Plaintiff and the Subclass members seek the penalties to which they are entitled pursuant to Labor Code § 203, in the amount of each class member's daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

## XI.

## FIFTH CAUSE OF ACTION

### Unfair Business Practices

### (On Behalf of Plaintiff and the California Class)

80.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

81.     As described above, Defendant has engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation.

82.     Defendant's use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors in violation of California Business & Professions Code Section 17200. Plaintiff and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from Defendant as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant by means of the unfair business practices complained of herein.

83.     Plaintiff seeks on her own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

84.     The acts complained of herein, occurred, at least in part, within the last four (4) years preceding the Complaint for damages originally filed in this action.

85.     Further, if Defendant is not enjoined from the unlawful conduct described above, Defendant will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the California Class who are current employees of the Defendant, and for which there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the foregoing conduct.

86.     Plaintiff, on behalf of the general public and members of the California Class, seek full restitution from Defendant, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein.

## XII.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## XIII.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff SARAH SILVA, individually and on behalf of all class and collective members and all others similarly situated, prays for relief as follows relating to her collective and class action allegations:

    a.    For an Order certifying this action as a collective action and class action on behalf of the proposed FLSA Collective, California Class, and Subclasses;

    b.    For an Order appointing Plaintiff as the Representative of the California Class and Subclasses, and Plaintiff's counsel as Class Counsel;

    c.    For an Order finding Defendant willfully violated the applicable provisions of the FLSA and California law by failing to pay all required minimum wages and overtime compensation to Plaintiff and the FLSA Collective and the California Class;

    d.    For an Order granting judgment in favor of Plaintiff and the FLSA Collective, California Class, and Subclasses against Defendant on all Counts;

    e.    For damages according to proof for minimum wages and overtime compensation for all hours worked under the FLSA and California law in amounts to be determined;

    f.    For liquidated damages;

    g.    For meal and rest period penalties;

    h.    For waiting time penalties;

    i.    For civil penalties;

    j.    For interest as provided by law at the maximum legal rate;

    k.    For restitution for all unlawfully retained monies by Defendant;

    l.    For an injunction against future violations of the FLSA and California Labor Code;

    m.    For reasonable attorneys' fees authorized by statute;

    n.    For costs of suit incurred herein;

o.      For pre-judgment and post-judgment interest, as provided by law; and

p.      For such other and further relief as the Court may deem just and proper.


Dated: April 3, 2020

                                        THIERMAN BUCK LLP


                                        /s/ Mark R. Thierman
                                        Mark R. Thierman
                                        Joshua D. Buck


                                        STEPHAN ZOURAS, LLP
                                        James B. Zouras (PHV forthcoming)
                                        Ryan F. Stephan (PHV forthcoming)
                                        David J. Cohen (PHV forthcoming)
                                        Teresa M. Becvar (PHV forthcoming)

                                        *Attorneys for Plaintiff*